IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>THE NAIL SCULPTRESS, INC.,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)  Civil No.<br>) **04MBD 10147**<br>)<br>)<br>) |

## PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, states the following:

1. This proceeding is brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), to judicially enforce an Internal Revenue Service ("IRS") Summons.

2. Jurisdiction is conferred upon the court pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. §§ 1340 and 1345.

3. Scott McLeod is a Special Agent in the Criminal Investigation Division of the Internal Revenue Service, and is authorized to utilize IRS Summonses issued under the authority of 26 U.S.C. §7602; Treasury Regulations § 301.7602-1, 26 C.F.R. § 301.7602-1; IRS Delegation Order No. 4 (as revised).

4. The Nail Sculptress, Inc., has a place of business at 166 Schoosett St., Pembroke, MA 02359, within the jurisdiction of this Court.

5. Special Agent McLeod is conducting an investigation of Faye M. Hogeland, the taxpayer, for the taxable years 1997 through 2001.

6. The purposes of this investigation are to verify the correctness of the taxpayer's federal income tax returns, to determine her correct income tax liabilities,

and to ascertain whether the taxpayer has committed any offense connected with the administration or enforcement of the internal revenue laws.

7.  Faye Hogeland operated The Nail Sculptress, Inc., as a Subchapter S Corporation, but failed to report any of the income reported by The Nail Sculptress, Inc., on its corporate tax returns as flow through income on her individual tax returns for the years 1999, 2000, and 2001.

8.  There is no "Justice Department referral," as that term is described in Section 7602(c) of the Internal Revenue Code, in effect with respect to the taxpayer, Faye Hogeland, for the years under investigation.

9.  On February 10, 2003, Special Agent McLeod issued an IRS Summons to the Custodian of Records, The Nail Sculptress, Inc. directing the respondent to appear before him on February 26, 2003, at 10 a.m., to testify and produce books, records, documents and other data, all as set forth in the attached declaration and summons, marked as Exhibits A and B, respectively.

10.  An attested copy of the summons was served on the respondent as indicated in the Certificate of Service on the reverse side of Exhibit B.

11.  In response to this summons, Ms. Hogeland contacted the Special Agent directly and responded that she could not meet on the date indicated but would appear on March 3, 2003.

12  On March 3, 2003, Faye Hogeland and her husband, Dennis W. Hogeland, appeared before Special Agent McLeod. At that meeting, Faye and Dennis Hogeland informed the Special Agent that he could not compel production of the summonsed records. None of the summonsed documents were produced at that

meeting. The respondent failed to comply with the summons and did not produce any of the books, papers, records, or other data as described in the summons. This failure continues to the date of the filing of this petition.

13. The testimony and other data sought by the summons are not already in the possession of the Internal Revenue Service.

14. The testimony and other data demanded by the summons relate to the liabilities under investigation, and might shed light on the correctness of the taxpayer's federal income tax returns, her correct tax liabilities, or her commission of any offense connected with the enforcement or administration of the internal revenue laws.

15. All procedures required by the Internal Revenue Code, as amended, have been followed with respect to the issuance of the summons.

WHEREFORE, the petitioner requests:

1. That this Court enter an Order directing the respondent, The Nail Sculptress, Inc., to show cause, if any, why it should not comply with and obey the summons and each and every requirement thereof;

2. That this Court enter an Order directing the respondent to comply with the summons served upon it, and each and every requirement thereof, and ordering its attendance and testimony and the production of books, records, documents, and other data as required by the terms of the summons, before Special Agent McLeod (or any authorized IRS agent) to testify and produce the documents and records set forth in the summons,

at a time and place to be fixed by Special Agent McLeod (or any authorized IRS agent), or by this Court;

3. That this Court grant the United States its costs in maintaining this action; and

4. That this Court render such other relief as this Court may deem just and proper.

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

*Lydia D. Bottome*
LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560