IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil No. 04MBD 10147 |
| THE NAIL SCULPTRESS, INC., | ) ) ) |
| Respondent. | ) |

## DECLARATION OF SPECIAL AGENT SCOTT MCLEOD

Scott McLeod, pursuant to the provisions of 28 U.S.C. § 1746, says that:

1. I am a duly commissioned Special Agent of the Criminal Investigation Division of the Internal Revenue Service with a post of duty in Boston, Massachusetts.

2. In my capacity as a Special Agent, I was assigned to conduct an investigation relating to the federal income tax liabilities of Faye M. Hogeland, the taxpayer, for the taxable years ending December 31, 1997 through December 31, 2001, inclusive.

3. The purposes of the investigation are, for the years under investigation, to verify the correctness of the taxpayer's federal income tax returns, to determine her correct income tax liabilities, and to ascertain whether the taxpayer has committed any offense connected with the administration or enforcement of the internal revenue laws.

4. I am authorized to utilize Internal Revenue Service summonses issued under the authority of Section 7602 of the Internal Revenue Code, 26 U.S.C., Section 7602 and Treasury Regulations, Section 301.7602-1; IRS Delegation Order No. 4 (as revised).



5. There is no "Justice Department referral," as that term is described in Section 7602(c) of the Internal Revenue Code, in effect with respect to the taxpayer for the years under investigation.

6. Prior to 1999, Faye Hogeland operated The Nail Sculptress, Inc. as a sole proprietorship. Since 1999, Faye Hogeland has operated The Nail Sculptress Inc., as a Subchapter S Corporation, but failed to report any of the income reported by The Nail Sculptress Inc. on its corporate tax returns as flow through income on her individual tax returns for the years 1999, 2000, and 2001.

7. In furtherance of this investigation and in accordance with 26 U.S.C. § 7602, I issued a Form 2039 Summons to Custodian of Records, The Nail Sculptress, Inc., the respondent, for its corporate records relating to the taxpayer. The summons was issued on February 10, 2003, but was misdated February 11, 2003. The summons directed the respondent to appear before me on February 26, 2003, to give testimony and to produce books, records, documents and other data. The original summons is attached to the petition as Exhibit 1.

8. In accordance with 26 U.S.C. § 7603, on February 10, 2003, I served an attested copy of the Internal Revenue Service Summons described in paragraph 7, above, on the respondent by hand delivering the summons directly to The Nail Sculptress, Inc.'s, only corporate officer, Faye M. Hogeland.

9. In response to the summons issued to The Nail Sculptress, Inc., Faye Hogeland contacted me directly and stated that she could not meet on the date indicated but would appear on March 3, 2003. On March 3, 2003, Faye Hogeland, accompanied by her husband, Dennis W. Hogeland, appeared before me. At that meeting, Faye and Dennis Hogeland informed me that

they did not believe that I could compel production of the summonsed records. None of the summonsed documents were produced at that meeting.

10. The respondent's failure to submit all of the books, papers, records, and data sought by the summons continues to the date of this declaration.

11. The Internal Revenue Service is not in possession of the summonsed documents.

12. It is necessary to examine the books, papers, records and other data sought by the Summonses, in order to complete the investigation of Faye Hogeland relating to the income tax years ended December 31, 1997 through December 31, 2001.

13. All procedures required by the Internal Revenue Code were followed with respect to this summons.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___7TH___ Day of April, 2004.

_____
SCOTT McLEOD
Special Agent
Criminal Investigation Division
Internal Revenue Service



# Summons

In the matter of  FAYE HOGELAND
Internal Revenue Service (Division): CRIMINAL INVESTIGATION
Industry/Area (name or number): BOSTON
Periods: 1999 - 2001

### The Commissioner of Internal Revenue

To: CUSTODIAN OF RECORDS, THE NAIL SCULPTRESS, INC.
At: _____

You are hereby summoned and required to appear before  SPECIAL AGENT SCOTT MCLEOD an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

"SEE ATTACHED"

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
IRS CRIMINAL INVESTIGATION, JFK FEDERAL BUILDING, SUITE 1000, BOSTON, MA 02203  TEL. 617-316-2126

**Place and time for appearance at** JFK FEDERAL BUILDING, SUITE 1000, BOSTON, MA 02203

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the __26TH__ day of __FEBRUARY__ __2003__ at __10__ o'clock __a.__ m.
Issued under authority of the Internal Revenue Code this __11TH__ day of __FEBRUARY__, __2003__.

Signature of issuing officer

SPECIAL AGENT
Title

Signature of approving officer (if applicable)

Title

**Original — to be kept by IRS**



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | 2/10/2003 | Time | 3:30 PM |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

Signature: /s/ [signature]    Title: SPECIAL AGENT

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____    Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☒ No notice is required.

Signature: /s/ [signature]    Title: SPECIAL AGENT

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

Signature: /s/ [signature]    Title: SPECIAL AGENT

Form **2039** (Rev. 12-2001)

ATTACHMENT TO SUMMONS ISSUED TO: CUSTODIAN OF RECORDS, THE NAIL SCULPTRESS, INC.

FOR THE YEARS: January 1, 1999 - February 28, 2002

All corporate records and books of account relative to the financial transactions of THE NAIL SCULPTRESS, INC.

To include but not limited to:

ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

Inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records. Records and work-papers reflecting the purchase, basis and depreciable life of assets. Records and work-papers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

Corporate Minute Book, Stock Register or other records reflecting ownership of corporate stock. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns. Retained copies of all federal and state income, payroll and excise tax returns.

SAVINGS ACCOUNT RECORDS: Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.